# Third District Court of Appeal
## State of Florida

Opinion filed July 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0835
Lower Tribunal No. F09-25236
_____

**Barton Hill,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Barton Hill, in proper person.

Ashley Moody, Attorney General, for appellee.

Before HENDON, MILLER, and BOKOR, JJ.

MILLER, J.

Affirmed. <u>See</u> Fla. R. Crim. P. 3.800(a)(1) (requiring affirmative allegations "that the court records demonstrate on their face an entitlement to . . . relief"); <u>see also</u> <u>Chesson v. State</u>, 729 So. 2d 974, 975 (Fla. 3d DCA 1999) ("[A]n illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines.") (citations omitted); § 948.06(1)(g), Fla. Stat. ("Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant for such violation, a warrantless arrest under this section, or a notice to appear under this section, the probationary period is tolled until the court enters a ruling on the violation. Notwithstanding the tolling of probation, the court shall retain jurisdiction over the offender for any violation of the conditions of probation or community control that is alleged to have occurred during the tolling period.").